UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X          07-cv-00468 (NRB)

DAWN MOSBY,                                                        **COMPLAINT**

                Plaintiff,

   -against-                                                      PLAINTIFF DEMANDS
                                                                   TRIAL BY JURY
RYAN BECK & CO., RYAN BECK & CO., INC.
and RYAN BECK & CO., LLC,

                Defendants.
--------------------------------------------------------X

      Plaintiff, DAWN MOSBY, by her attorneys, Philip J. Dinhofer, LLC, complaining of defendants, RYAN BECK & CO., RYAN BECK & CO., INC., and RYAN BECK & CO., LLC, (collectively referred to herein as "defendants" or "Company") alleges:

NATURE OF THE ACTION

      1.     This action is brought to remedy discrimination on the basis of sex and retaliation in the terms, conditions and privileges of employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law §290, et seq. (the "New York State Human Rights Law") and the New York City Human Rights Law, Administrative Code of the City of New York § 8-10 et seq. ("New York City Human Rights Law").

      2.     Defendants' actions were unlawful, and plaintiff brings this action for injunctive and declaratory relief, compensatory and punitive damages, attorneys' fees and other appropriate equitable and legal relief.

## JURISDICTION

3. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 1343, § 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 (A). The court also has diversity jurisdiction over all claims under 28 U.S.C. § 1332 as well as supplementary jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York State Executive Law and the New York City Human Rights Law.

## JURISDICTIONAL PREREQUISITES

4. Plaintiff filed a timely charge of discrimination against the defendants with the Equal Employment Opportunity Commission (the "EEOC") on or about March 14, 2006, complaining of the acts of discrimination alleged herein.

5. On or about October 24, 2006, the EEOC issued plaintiff a Notice of Right to Sue, informing her of her right to sue defendants in federal court.

6. This Complaint was filed within 90 days of receipt of the Notice of Right to Sue.

7. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

8. Prior to the filing of this Complaint, plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

## VENUE

9. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 is appropriate as the principal place of business of defendant and the office where plaintiff worked at the time the unlawful discrimination occurred is located in the Southern District of New York.

PARTIES

10. Plaintiff is a citizen of the United States and resides at 170-21 Foch Blvd., Jamaica, NY, 11434.

11. Defendants are New Jersey corporations with its corporate headquarters located at 220 S. Orange Ave., Livingston, NJ, 07039.

12. At all times material herein, defendants maintained an office at 150 E. 42nd Street, New York, NY, 10017.  Defendants also maintain a registered agent for the service of process within the State of New York at C T Corporation System, 111 Eighth Avenue, 13th Floor, New York, New York, 10011.

13. Defendants are a single employer, with interrelated corporations, centralized control of labor relations, common management and common ownership.

14. (Intentionally Left Blank.)

FACTS

15. DAWN MOSBY is a female.

16. DAWN MOSBY was born on January 7, 1962.

17. DAWN MOSBY started working for defendants predecessor in interest, Gruntal & Co. on or about May 1993.

18. While working for Gruntal DAWN MOSBY was the victim of insidious sexual discrimination by her former boss, Ivan Shore.

19. A charge was filed and given EEOC Charge Number.: 160951635.  That charge was settled in approximately May 1997.  Shortly after settling the prior claim with DAWN MOSBY, Gruntal fired Ivan Shore.

20. In approximately 2001 Ryan Beck & Co. took over the operations of Gruntal & Co.

21. To DAWN MOSBY's knowledge following RYAN BECK & CO's take over of Gruntal, all employees remained the same, as did her managers.

22. Sometime after RYAN BECK & CO's take over of Gruntal plaintiff began working for defendants at their 150 E. 42nd Street, New York, NY offices.

23. In approximately August 2005, John Reilly was promoted to the office manager's job at defendant's 150 E. 42nd Street, New York, NY offices.

24. Prior to that Mr. Reilly was working out of the Livingston, New Jersey office of Ryan Beck & Co.

25. When he first started working at defendant's 150 E. 42nd Street, New York, NY offices, Mr. Reilly made it known to DAWN MOSBY that he was a close personal friend of Ivan Shore and that he was fully aware of the sexual improprieties Ivan Shore inflicted upon her.

26. Shortly after he started working at defendant's 150 E. 42nd Street, New York, NY offices, Mr. Reilly began sexually harassing DAWN MOSBY and other women at the office.

27. Mr. Reilly would poke plaintiff and the other women in their rear ends with pencil erasers shaped like a penis.

28. Mr. Reilly would grab plaintiff and the other women of the offices by their behinds.

29. Mr. Reilly would run his finger down the back side of plaintiff's and the other women of the office's skirts or pants and into their buttocks.

30. On one occasion Mr. Reilly exposed his penis to DAWN MOSBY.

31.     Mr. Reilly would brush his body up against plaintiff and the other women of the office in an inappropriate way.

32.     Mr. Reilly has grabbed DAWN MOSBY'S breasts, and those of other women in the office, on more that one occasion.

33.     All of the foregoing created a sexually offensive and hostile work environment.

34.     When DAWN MOSBY complained to Mr. Reilly, asking him to stop his sexually inappropriate misconduct, he retaliated by composing a letter which he placed in her file accusing her of lateness to the job, notwithstanding that he did not do the same for others who were late to the job.

35.     DAWN MOSBY then complained to Al Palladino about all of this and he passed this information on to Human Resources.

36.     Shortly after DAWN MOSBY left for vacation on February 23, 2006, Human Resources came to the office and interviewed Doris, Suzanne & Julie Anne regarding Mr. Reilly's sexual improprieties.  They asked to interview plaintiff & Nancy too, however, neither of them was present at the time.  All of these interviews were done in the open, in plain view of everybody else who worked there.

37.     Several days later & before DAWN MOSBY returned from her vacation, Mr. Reilly was fired.

38.     Following DAWN MOSBY'S return to work, management (Abe Bornstein, a friend of Mr. Reilly's) has been critical of her cigarette breaks, alleged lateness to work & other such petty matters, and he has been harassing plaintiff, Suzanne & Nancy.  They have been labeled as troublemakers and fear for their jobs.

39. On March 13, 2006 DAWM MOSBY was 10 minutes late to work. Mr. Bornstein called her into his office and asked her to sign a letter admitting her lateness. When asked why DAWN MOSBY was the only one being singled out with this kind of letter, when this was her first lateness since he took over the office, and Diane who arrived late too was not treated the same way, he did not reply. DAWN MOSBY walked out of his office without signing the letter. Clearly Mr. Bornstein was singling out DAWN MOSBY and retaliating against her because he blamed DAWN MOSBY for the firing of his friend, John Reilly.

## AS AND FOR A FIRST CAUSE OF ACTION

40. This cause of action is to redress the deprivation of plaintiff's rights secured by Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e et seq., which grants jurisdiction to the Court.

41. This jurisdiction of this Court is invoked to secure protection of an to redress deprivation of rights secured by Title VII providing for damages, injunctive and other appropriate relief against discrimination in employment on the basis of sex

42. Plaintiff , DAWN MOSBY, is a female citizen of the United States and the State of New York. Plaintiff was an active employee of the defendants and its predecessor in interest, Gruntal, from May 1993 to the present date.

43. Defendant is an employer within the meaning of 42 U.S.C. Section 2000e(b).

44. The acts alleged in paragraphs 15 through 39, inclusive, were directed at plaintiff because she was female.

45. The acts of the defendants, by its employees interfered with plaintiff's work and caused plaintiff to suffer physical pain, lack of self-esteem and emotional distress.

46. The acts of the defendants by its employees created a sexually hostile work environment characterized by sexual harassment and sexual assault.

47. Plaintiff, DAWN MOSBY, demands a declaratory judgment that the defendant's acts, practice and procedures, complained of herein violated plaintiff's rights as secured under Title VII.

48. Plaintiff, DAWN MOSBY demands a permanent injunction enjoining defendants, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of sex and/or sexually harass plaintiff so that she can thereby perform her essential job functions.

49. Plaintiff, DAWN MOSBY, demands compensatory damages for her mental anguish, humiliation, embarrassment, emotional injury, physical pain and suffering and other non-pecuniary losses in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

50. Plaintiff, DAWN MOSBY, demands to be provided with a sexually hostile free-work environment.

51. Plaintiff, DAWN MOSBY, demands an award of her reasonable attorney's fees, as authorized by 42 U.S.C. Section 200 e-5 (g) and (k).

## AS AND FOR A SECOND CAUSE OF ACTION

52. The plaintiff, DAWN MOSBY, repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 51 of this Complaint, inclusive, as though set forth at length herein.

53. Plaintiff filed a timely charge of retaliation with the Equal Employment Opportunity Commission and received notice, dated October 24, 2006, of her right to sue in the United States District Court pursuant to 42 U.S. C.A. Section 2000e, permitting plaintiff to bring this action. Plaintiff has therefore exhausted all available and required administrative remedies. This action arises under 42 U.S.C. Section 2000 e-3(a).

54. This action seeks relief from the discriminatory retaliatory acts perpetrated by the defendants, its servants, agents and or employees. The discriminatory retaliatory acts were and are punitive in nature, and the defendant committed these acts in retaliation for plaintiff's filing of sexual harassment charges with the EEOC on March 14, 2006 and with regard to EEOC Charge Number.: 160951635 filed in approximately 1996-1997.  The defendant's discriminatory, retaliatory acts are specifically in violation of Title VII, 42 U.S.C. Section 2000 e-3(a) and are unlawful regardless of the merit of the underlying charges.

55. The defendants have engaged and continue to engage in unlawful discriminatory retaliatory acts and employment practices with respect to Title VII, 42 U.S.C. Section 2000 e-3(a).

56. Since plaintiff's filings with the EEOC, the defendants have retaliated against her by the acts of their employees as set forth in paragraphs 15 through 39, inclusive.

57. As a proximate result of defendant's retaliation against plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

58. As a proximate result of the defendant's retaliation against plaintiff, plaintiff has suffered and continues to suffer, mental anguish including but not limited to depression, fatigue, emotional distress, physical pain and suffering, and other non-pecuniary losses.

59. As a proximate result of the defendant's retaliation against plaintiff, plaintiff has suffered and continues to suffer impairment and damage to plaintiff's good name, humiliation, lasting embarrassment, anxiety and mental anguish and other incidental and consequential damages and expenses.

60.     The conduct of the defendant was outrageous; was done in a deliberate, callous, malicious, indifferent, fraudulent and oppressive manner intending to injure plaintiff; was done with an improper and evil motive, amounting to malice and spite; and was done in conscious disregard of plaintiff's rights. Plaintiff therefore is entitled to an award of punitive damages.

61.     As a result of the foregoing, plaintiff has lost wages, benefits, promotional opportunities and bonuses; has suffered mental anguish, emotional distress, and loss of enjoyment of life; and has occurred damages thereby.

62.     Plaintiff, DAWN MOSBY, demands, an order enjoining defendant from engaging in the future in the wrongful practices alleged herein.

63.     Plaintiff, DAWN MOSBY, demands compensatory damages for plaintiff's mental anguish, humiliation, embarrassment, emotional injury, pain and suffering and other nonpecuniary losses in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

64.     Plaintiff, DAWN MOSBY, demands to be provided with a sexually hostile free-work environment.

65.     The acts, conduct and behavior of the defendants were performed knowingly, intentionally, and maliciously, by reason of which plaintiff, DAWN MOSBY, is entitled to an award of punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

66.     Plaintiff, DAWN MOSBY, demands an award of her reasonable attorney's fees, as authorized by 42 U.S.C. Section 200 e-5 (g) and (k).

## AS AND FOR A THIRD CAUSE OF ACTION

67.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 66, inclusive, with the same force and effect as if more fully set forth at length herein.

68. The actions of defendants complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York Executive Law Section 290, et. seq..

69. That by reason of the premises set forth in this complaint, the plaintiff, DAWN MOSBY, was severely and seriously physically and psychologically injured and as a result suffered pain, humiliation, lasting embarrassment, anxiety, mental anguish and will continue to suffer in the future, pain and injury; plaintiff has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

70. That the plaintiff, DAWN MOSBY, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

71. Plaintiff, DAWN MOSBY demands a permanent injunction enjoining defendants, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of her sex and/or sexually harass plaintiff so that she can thereby perform her essential job functions.

72. Plaintiff, DAWN MOSBY, demands an award of her reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION

73. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 72, inclusive, with the same force and effect as if more fully set forth at length herein.

74. The actions of defendants complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York City Human Rights Law, Administrative Code of New York, Section 8-101, et seq..

75. That by reason of the premises set forth in this complaint, the plaintiff, DAWN MOSBY, was severely and seriously physically and psychologically injured and as a result suffered pain, humiliation, lasting embarrassment, anxiety, mental anguish and will continue to suffer in the future, pain and injury; plaintiff has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

76. That the plaintiff, DAWN MOSBY, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

77. The acts, conduct and behavior of the defendants were performed knowingly, intentionally, and maliciously, by reason of which plaintiff, DAWN MOSBY, is entitled to an award of punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

78. Plaintiff, DAWN MOSBY demands a permanent injunction enjoining defendants, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of her sex and/or sexually harass plaintiff so that she can thereby perform her essential job functions.

79. Plaintiff, DAWN MOSBY, demands an award of her reasonable attorney's fees.

WHEREFORE, plaintiff, DAWN MOSBY, demands judgment on the First Cause of Action: (a) the sum of THREE MILLION ($3,000,000.00) DOLLARS; (b) to an injunction providing her with a sexually hostile free work environment so that plaintiff can perform her essential job functions; (c) reasonable attorney's fees; on the Second Cause of Action: a) the sum of THREE MILLION ($3,000,000.00) DOLLARS; (b) to an injunction providing her with a sexually hostile free work environment so that plaintiff can perform her essential job functions; (c) punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS; and (d) reasonable attorney's fees; on the Third Cause of Action (a) a sum of THREE MILLION

($3,000,000.00 ) DOLLARS**;** (b) a  permanent injunction enjoining defendant, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of her sex and/or sexually harass plaintiff so that she can thereby perform her essential job functions; and (c)reasonable attorney's fees; and on the Fourth Cause of Action: (a) sum of THREE MILLION ($3,000,000.00 ) DOLLARS; (b)punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS; (c) a permanent injunction enjoining defendant, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of her, sex and/or sexually harass plaintiff so that she can thereby perform her essential job functions and (d) reasonable attorney's fees;  together with the costs and disbursements of these actions.

Dated: Rockville Centre, New York
January 22, 2007

By:  Philip J. Dinhofer, # 6940
PHILIP J. DINHOFER, LLC
Attorney for Plaintiff
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500